UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| INTERNATIONAL PAINTERS AND ALLIED TRADES INDUSTRY PENSION FUND *et al*. | : : : : | | |
| Plaintiffs, | : : | Civil Action No.: | 10-114 (RMU) |
| v. | : : | Re Document No.: | 6 |
| DETTREY'S ALLSTATE PAINTING, LLC, | : : : | | |
| Defendant. | : | | |

## MEMORANDUM OPINION

### Granting in Part and Denying Without Prejudice in Part
### the Plaintiffs' Motion for Default Judgment

### I. INTRODUCTION

This matter comes before the court on the plaintiffs' motion for default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2). The plaintiffs, the International Painters and Allied Trades Industry Pension Fund ("the Pension Fund") and Gary J. Meyers, a fiduciary of the Pension Fund, allege that the defendant failed to make contributions to employee benefit funds in violation of a collective bargaining agreement ("CBA") and the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1145. The defendant, though properly served, has not responded to the complaint. Accordingly, the plaintiffs now seek entry of default judgment and monetary damages. For the reasons discussed below, the court grants in part and denies without prejudice in part the plaintiffs' motion for default judgment.

## II. FACTUAL & PROCEDURAL BACKGROUND

On May 1, 2006, the defendant entered into a CBA with the International Union of Painters and Allied Trades, AFL-CIO, CLC ("the Union"), effective until March 31, 2011. Pls.' Mot, Ex. 2 at 9. Pursuant to the CBA, the defendant is required to submit timely reports and contribution payments to the Pension Fund on behalf of the employees covered by the agreement. Pl.'s Mot., Decl. of Thomas Montemore, Assistant to the Pension Fund Administrator ("Montemore Decl.") ¶ 6. The plaintiffs claim that the defendant neglected to submit the required remittance reports and to contribute to the employee benefit funds from October 2008 until the present, in violation of the CBA. *Id.* ¶¶ 7-8.

In January 2010, the plaintiffs commenced this action to recover these delinquent contributions and any additional relief available under the ERISA. Compl. at 5. The plaintiffs served the defendant with the summons and complaint on February 22, 2010. *See generally* Return of Service (Apr. 5, 2010). After the defendant failed to respond to the complaint, the plaintiffs requested an entry of default on April 13, 2010, and served the defendant with a copy of their affidavit in support of default. Aff. in Supp. of Default at 3. On April 14, 2010, the Clerk of the Court entered default against the defendant. *See generally* Entry of Default. Immediately

thereafter, the plaintiffs filed this motion pursuant to Federal Rule of Civil Procedure 55(b)(2),[1] which they also served on the defendant. *See* Pl.'s Mot. at 7. The plaintiffs contend that they are entitled to entry of a default judgment because the defendant has failed to appear, answer, plead or otherwise defend itself in response to the summons and complaint. *Id.* at 1. More specifically, the plaintiffs seek an order awarding them a total of $14,544.56. *Id.* at 6. The court turns now to the applicable legal standard and the plaintiffs' requests for relief.

## III. ANALYSIS

### A. Legal Standard for Entry of Default Judgment Under Rule 55(b)(2)

A court has the power to enter default judgment when a defendant fails to defend its case appropriately or otherwise engages in dilatory tactics. *Keegel v. Key W. & Caribbean Trading Co.*, 627 F.2d 372, 375 n.5 (D.C. Cir. 1980). Rule 55(a) of the Federal Rules of Civil Procedure provides for entry of default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules." FED. R. CIV. P. 55(a). Upon request of the party entitled to default, Rule 55(b)(2) authorizes the court to enter against the defendant a default judgment for the amount claimed and costs. *Id.* 55(b)(2). Because courts strongly favor resolution of disputes on their merits, and because "it seems inherently unfair" to

---

[1] Rule 55 specifies a two-step process for a party seeking to obtain a default judgment. First, the plaintiff must request that the Clerk of the Court enter a default against the party who has "failed to plead or otherwise defend" against an action. FED. R. CIV. P. 55(a). Second, if the plaintiff's claim is not for a "sum certain," the party must apply to the court for an entry of default judgment. *Id.* 55(b)(2). This two-step process gives a defendant an opportunity to move to set aside a default before the court enters judgment. *Id.* 55(c); *see also H. F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe*, 432 F.2d 689, 691 (D.D.C. 1970) (stating that "[t]he notice requirement contained in Rule 55(b)(2) is . . . a device intended to protect those parties who, although delaying

use the court's power to enter judgment as a penalty for filing delays, modern courts do not favor default judgments. *Jackson v. Beech*, 636 F.2d 831, 835 (D.C. Cir. 1980). Accordingly, default judgment usually is available "only when the adversary process has been halted because of an essentially unresponsive party . . . [as] the diligent party must be protected lest he be faced with interminable delay and continued uncertainty as to his rights." *Id*. at 836 (quoting *H. F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe*, 432 F.2d 689, 691 (D.C. Cir. 1970)).

Default establishes the defaulting party's liability for the well-pleaded allegations of the complaint. *Adkins v. Teseo*, 180 F. Supp. 2d 15, 17 (D.D.C. 2001); *Avianca, Inc. v. Corriea*, 1992 WL 102999, at *1 (D.D.C. Apr. 13, 1992); *see also Brock v. Unique Racquetball & Health Clubs, Inc.*, 786 F.2d 61, 65 (2d Cir. 1986) (noting that "default concludes the liability phase of the trial"). Default does not, however, establish liability for the amount of damage that the plaintiff claims. *Shepherd v. Am. Broad. Cos., Inc.*, 862 F. Supp. 486, 491 (D.D.C. 1994), *vacated on other grounds*, 62 F.3d 1469 (D.C. Cir. 1995). Instead, "unless the amount of damages is certain, the court is required to make an independent determination of the sum to be awarded." *Adkins*, 180 F. Supp. 2d at 17; *see also Credit Lyonnais Secs. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999) (stating that the court must conduct an inquiry to ascertain the amount of damages with reasonable certainty). The court has considerable latitude in determining the amount of damages. *Jones v. Winnepesaukee Realty*, 990 F.2d 1, 4 (1st Cir. 1993). To fix the amount, the court may conduct a hearing. FED. R. CIV. P. 55(b)(2). The court

---

in a formal sense by failing to file pleadings . . . have otherwise indicated to the moving party a clear purpose to defend the suit").

4

is not required to do so, however, "as long as it ensure[s] that there [is] a basis for the damages specified in the default judgment." *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc.*, 109 F.3d 105, 111 (2d Cir. 1997).

## B. The Court Grants in Part and Denies in Part the Plaintiffs' Motion for Default Judgment

### 1. The Defendant is Liable to the Plaintiffs

Default judgment is appropriate when an unresponsive party has halted the adversary process. *H. F. Livermore Corp.*, 432 F.2d at 691. As noted above, the plaintiffs served the defendant with the complaint on February 22, 2010. *See generally* Return of Service (Apr. 5, 2010). Since that date, the defendant has failed to plead or otherwise defend itself in this action. Moreover, the defendant has responded neither to the plaintiffs' request for default nor to their motion for default judgment. Given the defendant's unresponsiveness, the court concludes that the entry of default judgment is appropriate. *See Fanning v. Permanent Solution Indus., Inc.*, 257 F.R.D. 4, 7 (D.D.C. 2009) (concluding that the defendant was liable to the plaintiff because the defendant had failed to respond to the complaint or otherwise defend itself); *Int'l Painters & Allied Trades Indus. Pension Fund v. Auxier Drywall, LLC*, 531 F. Supp. 2d 56, 57 (D.D.C. 2008) (entering a default judgment because of the defendant's failure to request that the court set aside the default or suggest that it had a meritorious defense).

As a result of the entry of default, the court construes all well-pleaded allegations as admitted. *Int'l Painters & Allied Trades Indus. Pension Fund v. R.W. Amrine Drywall Co.*, 239 F. Supp. 2d 26, 30 (D.D.C. 2002) (citing *Trans World Airlines, Inc. v. Hughes*, 449 F.2d 51, 63 (2d Cir. 1971), *rev'd on other grounds,* 409 U.S. 363 (1973)); *accord Black v. Lane*, 22 F.3d

1395, 1399 (7th Cir. 1994). The plaintiffs assert that the defendant violated the CBA and the ERISA by failing to make monthly contributions to the Pension Fund from October 2008 to the present. *See* Compl. ¶¶ 18-33; Montemore Decl. ¶ 8. These well-pleaded allegations establish the defendant's liability. *Adkins*, 180 F. Supp. 2d at 17; *see also Fanning*, 257 F.R.D. at 7 (concluding that the plaintiffs sufficiently alleged facts to support their claims and accepting the well-pleaded allegations as true).

### 2. The Court Grants in Part and Denies Without Prejudice in Part the Plaintiffs' Request for Monetary Damages

#### a. The Court Denies Without Prejudice the Plaintiffs' Request for Unpaid Benefit Contributions, Interest, Liquidated Damages and Penalties

The plaintiffs contend that the defendant failed to remit $8,315.34 in unpaid benefit contributions for the period of October 2008 to approximately May 2010, the date of the filing of the plaintiffs' motion for default judgment. Montemore Decl. ¶ 8. The plaintiffs seek the recovery of those unpaid contributions, as well as $1,076.32 in pre-judgment interest (calculated at the fluctuating IRS rate) and $1,663.07 in liquidated damages (calculated at a rate of 20 percent of the unpaid contributions per annum). *Id.* ¶¶ 9-11. Additionally, the plaintiffs seek $3,489.83 in attorney's fees and costs incurred through April 28, 2010. Pls.' Mot. at 5. In sum, the total amount sought by the plaintiffs is $14,544.56. *Id*. at 1.

When moving for default judgment, the plaintiffs must prove that they are entitled to the requested damages. *R.W. Amrine Drywall Co.*, 239 F. Supp. 2d at 30 (citing *Oberstar v. Fed. Deposit Ins. Comm'n*, 987 F.2d 494, 505 n.9 (8th Cir. 1993)). Unless the amount of damages is certain, the court must make an independent determination of the sum to be awarded. *Adkins*, 180 F. Supp. 2d at 17. The court may rely on detailed affidavits or documentary evidence

6

provided by the plaintiffs in order to calculate the plaintiffs' damages. *R.W. Amrine Drywall Co.*, 239 F. Supp. 2d at 30 (citing *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979)). Thus, although the plaintiffs are entitled to relief in the form of unpaid contributions, interest on the unpaid contributions, liquidated damages specified in the plan but not in excess of twenty percent of the unpaid contributions, and any other appropriate equitable relief, 29 U.S.C. § 1132(g)(2), the plaintiffs must prove these damages to a reasonable certainty, *Flynn v. Extreme Granite, Inc.*, 671 F. Supp. 2d 157, 162 (D.D.C. 2009) (deeming the plaintiffs' estimate of damages "as accurate as possible under the circumstances"); *Combs v. Coal & Mineral Mgmt. Servs., Inc.*, 105 F.R.D. 472, 474 (D.D.C. 1984) (awarding monetary damages because the plaintiff's affidavit set forth a calculation of the requested damages that the court was able to ascertain as accurate).

The plaintiffs have failed to provide the court with sufficient information to ascertain monetary damages with reasonable certainty. *See generally* Compl.; Pls.' Mot. The plaintiffs' supporting declaration calculates that the defendant owes $8,315.34 in unpaid contributions "[b]ased upon information currently available to the Pension Fund," Montemore Decl. ¶ 8, but the plaintiffs do not explain or provide the court with this "information," and neither the complaint nor the affidavit attached to the plaintiff's motion for default judgment details the calculations on which the plaintiffs based their estimate, *see generally* Compl.; Pls.' Mot. Thus, the court lacks the information necessary to verify the plaintiffs' claim for unpaid contributions and denies without prejudice the plaintiff's request for such an award. *See Combs*, 105 F.R.D. at 474 (stating that if monetary damages are based on an estimate, the court must conduct a factual evaluation before entering default judgment); *cf. Int'l Painters & Allied Trades Indus. Pension*

*Fund v. Lasalle Glass & Mirror Co.*, 2010 WL 1539763, at *4 (D.D.C. Apr. 19, 2010) (approving the plaintiffs' calculation of damages as reasonable because the plaintiffs estimated the unpaid contributions due each month based on an average of the three previous months for which reports were submitted).

Moreover, because the plaintiffs' claims for interest and liquidated damages are based on their estimate of unpaid contributions, the court is also unable to verify the accuracy of these requests with reasonable certainty. Thus, the court also denies without prejudice the plaintiffs' requests for interest and liquidated damages. *See Credit Lyonnais Secs. (USA), Inc.*, 183 F.3d at 155; *see also Transatlantic Marine Claims Agency, Inc.*, 109 F.3d at 111 (remanding the case to the district court to calculate damages based on appropriate evidence because the district court had erroneously accepted the plaintiff's estimate of damages at face value); *Gillespie*, 573 F. Supp. 2d at 87 (concluding that the grant of default judgment was improper because the court needed additional information to ascertain the plaintiff's claim for monetary damages).

### b. The Court Grants the Plaintiffs' Request for Attorney's Fees and Costs

The plaintiffs also request attorney's fees and costs in the amount of $3,489.83. Pls.' Mot., Ex. 6-8. The ERISA provides that the defendant must pay the reasonable attorney's fees and costs incurred by the plaintiff in an action seeking delinquent contributions. 29 U.S.C. § 1132(g)(2)(D). The documentation attached to the plaintiffs' motion indicates that the plaintiffs incurred $3,357.00 in attorney's fees and $ 132.83 in costs through April 30, 2010. Pl.'s Mot., Ex. 6. The attorney's fees reflect approximately twenty-two hours of work performed by two attorneys at a rate of $220.00 per hour and one paralegal at a rate of $70.00 per hour. *Id.* The plaintiffs have also provided documentation indicating that these rates are consistent with the

prevailing market rates in the region. *Id*. Accordingly, the court concludes that the plaintiffs' request for attorney's fees and costs is reasonable and awards the plaintiffs $3,489.83 in monetary damages. *See Lasalle Glass Mirror Co.*, 2010 WL 1539763, at *5 (awarding attorney's fees and costs because the plaintiffs provided documents indicating that the rates were appropriate); *Combs*, 105 F.R.D. at 475 (concluding that the requested attorney's fees were reasonable after reviewing documents submitted with the motion).

## IV. CONCLUSION

For the foregoing reasons, the court grants in part and denies without prejudice in part the plaintiffs' motion for default judgment, and awards the plaintiffs $3,489.83 in attorney's fees and costs. An Order consistent with this Memorandum Opinion is separately and contemporaneously issued this 21st day of January, 2011.

RICARDO M. URBINA
United States District Judge